

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 09-cv-3615 | DATE | 09/20/11 |
| CASE TITLE | | Smith v. Bianchetta et al. | |

## DOCKET ENTRY TEXT

Plaintiff's *Motion to Supplement the Record* [122] is denied. See statement below.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This Court entered a Memorandum Opinion and Order on March 22, 2011, granting Defendant James Bianchetta's motion for summary judgment in part and denying it in part and granting Defendant Denise Bray's motion for summary judgment in its entirety. Plaintiff later dismissed his claims against Defendant Bianchetta, and a final order of judgment was entered against Defendant Bray on April 6, 2011. On April 21, 2011, Plaintiff filed a notice of appeal. The record on appeal was transmitted to the Seventh Circuit on May 11, 2011, and a briefing schedule on the appeal has been entered.

On September 12, 2011, almost five months after he filed his notice of appeal, Plaintiff filed a Motion to Supplement the Record. Plaintiff seeks leave to supplement the appellate record with a certification of certain documents received *after* summary judgment was entered in favor of Defendant Bray. The only authority Plaintiff cites in support of his request is as follows:

> Plaintiff referenced the certified Concentra records in his appeal. If evidentiary material would be admissible at trial under a form permitted by the Federal Rules of Evidence, it can be considered in rulings on summary judgment. *Wragg v. Village of Thornton*, 604 F.3d 464, 466 (7th Cir. 2010) (internal citations omitted).

(Mot. to Supplement the Record ¶ 5.)

That statement of law is not relevant to the present situation. The issue presented in Plaintiff's Motion is not what may be properly considered in ruling on a motion for summary judgment. The issue is what should be presented to the court of appeals in the appeal of a summary judgment decision entered six months ago. Federal Rule of Appellate Procedure 10(a) provides that the record on appeal consists of original papers and exhibits filed in the district court, transcripts of proceedings, and a certified copy of docket entries. "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or

| STATEMENT |
|---|
| (C) by the court of appeals." Fed. R. App. P. 10(e). Rule 10 does not provide that materials that were not before this Court in resolving Defendant Bray's motion for summary judgment should be considered by the court of appeals for purposes of deciding an appeal of that judgment. "The purpose of Rule 10(e) is to ensure that the record on appeal accurately reflects the proceedings in the trial court (thereby allowing [the court of appeals] to review the decision that the trial court made in light of the information that was actually before it), not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment." *United States v. Elizalde-Adame*, 262 F.3d 637, 640 (7th Cir. 2001). Plaintiff's Motion is denied. |